**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 10-cr-00444-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DENNIS EUGENE RODEBAUGH, d/b/a D&S GUIDE & OUTFITTER,

    Defendant.

---

## PRELIMINARY ORDER OF FORFEITURE

---

This matter is before the Court on Government's Motion for Preliminary Order of Forfeiture (Doc. # 423). Based upon the record and filings herein, and the in-court stipulation of the parties entered into on September 20, 2012, following a verdict of guilty on six Lacey Act felonies as alleged in the Indictment in violation of 16 U.S.C. § 3372(a)(2)(A), said stipulation providing for forfeiture of any and all interests the Defendant possessed in the Subject Property pursuant to 16 U.S.C. § 3374(a)(2), it is hereby

ORDERED the Defendant shall forfeit to the United States the below-described equipment involved in or used in commission of the Defendant's violation of 16 U.S.C. § 3372(a)(2)(A), to include, but not be limited to, the following property (hereinafter "Subject Property"):

**Subject Property:**

1. One green Suzuki ATV with Colorado registration number AY9191 and vehicle identification number JSAAK43AX12111410;

2. One red Suzuki ATV with Colorado registration number AW9888 and vehicle identification number 5SAAK46K4371086523;

3. One black ATV trailer with Colorado license plate number 882-HWJ and vehicle identification number 1PUS12193S322903.

The Court has determined, based on the Defendant's conviction for six Lacey Act felonies as set out in the Indictment and Defendant's stipulation to forfeiture given in court on September 20, 2012, the above property is subject to forfeiture pursuant to 16 U.S.C. § 3374(a)(2), and that the United States has established the requisite nexus between such property and such offense(s).

The United States Attorney General (or a designee) is hereby authorized to seize the Subject Property, in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

The United States is further hereby authorized, pursuant to Fed. R. Crim. P. 32(b)(3) and 32.2(c)(1)(B) to conduct any discovery, including depositions, necessary to (1) identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third-party interests claimed pursuant to Section 853(n) herein. Such discovery shall be in accordance with the Federal Rules of Civil Procedure. The United States Attorney General(or a designee) is hereby authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish on an official government internet site (www.forfeiture.gov) for at least thirty (30) consecutive days, notice of the order and its intent to dispose of the Subject Property in such a manner as the United States Attorney General (or a designee) may direct, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Any person, other than the above-named Defendant, asserting a legal interest in the Subject Property may, within sixty (60) days of the first publication date of the notice or within thirty (30) days of receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6), and made applicable pursuant to 28 U.S.C. § 2461(c).

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is final as to the Defendant at sentencing and will be made part of the sentence and included in the judgment.

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration

of the period provided in pursuant to 21 U.S.C. § 853(n)(2), and made applicable pursuant to 28 U.S.C. § 2461(c) for the filing of third party petitions.

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED: October __16__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge