**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 10-cr-00444-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DENNIS EUGENE RODEBAUGH, d/b/a "D&S Guide and Outfitter,"

    Defendant.

## ORDER DENYING SUPPLEMENTAL RESTITUTION FOR REMEDIATION

Defendant Dennis Eugene Rodebaugh salted the earth of National Forest Service Land as part of a criminal venture to make it easier to hunt wild game. After securing convictions against Defendant for this offense, the Government now requests that he pay for the process of restoring ten sites allegedly damaged by his salting. The problem is that the Government has failed to respond to Defendant's questions about whether he is the cause of damage at these sites—or whether these sites even suffered (or continue to suffer) some form of environmental degradation. In light of the Government's wholesale failure to address Defendant's questions about causation, the Court denies the Government's request for further restitution.

As an initial matter, it is undisputed that Defendant placed salt at some of the sites referenced the Government's restitution request. This is because Defendant

himself has already confessed to this conduct—either in voluntary discussions with agents of the United States Fish and Wildlife Service or pursuant to a subsequently abandoned cooperation agreement with the Government.

Nevertheless, the Government has failed to establish that Defendant is the **cause** of the degradation of the land at each site or that the land is still degraded or contaminated with salt. Defendant points to a number of problems with the Government's causation theory at each site. The most relevant are that: (1) the salinity at some sites is "indistinguishable" from control samples obtained by the government, *see, e.g.*, (Doc. # 541 at ¶ 21); (2) the Government's own records indicate there was "[no] salt present" at several sites, *see, e.g.*, (*id.*, ¶ 28); and (3) the Government has taken an inconsistent position on whether remediation is necessary at certain sites, *compare, e.g.*, (Doc. # 537 at 5 (identifying the "Rocky's" site as needing remediation)) (Doc. # 543-1 at 1) (Government email stating that it does not seek remediation at Rocky's).

The Government has offered no rebuttal to Defendant's arguments about indistinguishable salinity and the "no salt" findings. As to the inconsistent position on which sites need remediation, the Government asserts—without much explanation—that further investigation revealed that sites the Government thought were "inactive" (whatever that means) in May 2013 were later determined to be in need of remediation in September 2013. (Doc. # 544 at 2.) But this of course begs the question of what is going on at the sites right now—almost a year after the Government's visit.

This Court is not going to entertain any further consideration of this matter. Despite numerous opportunities to solidify a theory of restitution related to remediation, the Government has failed to establish that Defendant's actions have caused damage that needs to be undone. Further, at this point, the cost to the taxpayer of further investigation and litigation of the remediation question could very well exceed the savings to the taxpayer of a remediation paid for by Defendant.[1]

Accordingly, it is ORDERED that Defendant's Request for Supplemental Restitution is DENIED.

DATED:  August 22, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] This Court resolves this matter based on the briefs submitted by the parties. Both parties have had sufficient opportunity to articulate their respective positions with respect to the restitution amount in the briefing and an evidentiary hearing is unnecessary. *Accord United States v. Sabhnani*, 599 F.3d 215, 258 (2d Cir. 2010).